IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**CHARLES NELSON,**

    **Plaintiff,**

v.   CIVIL ACTION NO. 5:22-cv-00200
    JUDGE _____

**MARFORK COAL COMPANY, LLC;**
**MAXXIM SHARED SERVICES, LLC;**
**CONTURA ENERGY, INC. k/n/a**
**ALPHA METALLURGICAL RESOURCES, INC.,**

    **Defendants**.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Marfork Coal Company, LLC ("Marfork"), Maxxim Shared Services, LLC ("Maxxim"), Contura Energy, Inc. ("Contura") and Alpha Metallurgical Resources, Inc. ("AMR"), by counsel, remove the state court action styled *Charles Nelson v. Marfork Coal Company, LLC; Maxxim Shared Services, LLC; Contura Energy, Inc. k/n/a Alpha Metallurgical Resources, Inc.,* Civil Action No. CC-41-2021-C-353 (Circuit Court of Raleigh County, West Virginia) to the United States District Court of the United States for the Southern District of West Virginia, Beckley Division. This removal is predicated upon Diversity jurisdiction, pursuant to 28 U.S.C. § 1332, as a result of the complete diversity of citizenship of the parties and the amount in controversy exceeding $75,000, exclusive of interest and costs. Defendant reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case. As required by 28 U.S.C. § 1446(a), the Defendants set forth the following grounds for removal:

### Papers from the Removed Action

1.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendants and filed in the underlying Civil Action, including a copy of the docket sheet and

the Amended Complaint, are attached as Exhibit A. This constitutes all pleadings, records and proceedings thus far filed in the West Virginia state court and no further proceedings have occurred in state court.

## The Removal is Timely

2.  Plaintiff Charles Nelson filed a Complaint against the Defendants Marfork, Maxxim, Contura and AMR in the Circuit Court of Raleigh County, West Virginia, Civil Action No. C-41-2021-C-353, on December 2, 2021. Then prior to service of any summons, Plaintiff filed an Amended Complaint against the same Defendants on March 24, 2022.

3.  On or about March 28, 2022, the West Virginia Secretary of State accepted a copy of the Amended Complaint and Summons mentioned in Paragraph 2 for service of process on the registered agent of Marfork, Maxxim, Contura and ANR. See Exhibit A. Thereafter, on March 31, 2022, a copy of the Summons and Amended Complaint were received by Marfork's and Maxxim's registered agent for service of process. On April 1, 2022, a copy of the Summons and Amended Complaint were received by Contura's and AMR's registered agent for service of process. This Notice of Removal is filed within 30 days of all Defendants' receipt of service of the Summons and Amended Complaint and therefore, is timely under 28 U.S.C. § 1446(b)(1). *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day time period under the removal statute begins to run from the date of formal service).

4.  Pursuant to the provisions of 28 U.S.C. § 1446(c)(1), this action is being removed less than one (1) year after the commencement of the action.

## The Venue Requirement is Met

5.  Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place in which the state court action was pending.

## The Basis for Federal Jurisdiction

6. This is a civil action that falls under this Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

7. The Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## There is Complete Diversity

8. The diversity of citizenship provision of 28 U.S.C. § 1332 has been interpreted to require "complete diversity of citizenship." *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996).

10. In the Complaint, Plaintiff alleges deliberate intent by Marfork (Count I), negligence by Maxxim (Count II) and negligence by Contura and AMR (Count III).

9. Plaintiff Charles Nelson is a resident of Wayne County, West Virginia. See Ex. A, Am. Compl. at ¶ 1.

11. Marfork and Maxxim are limited liability companies. For purposes of diversity jurisdiction, a limited liability company is deemed to be a resident of each state in which its members reside. *Laudermilt v. Taggart Global, LLC*, No. l: 11-0288, 2012 WL 4018286, at *1 (S.D. W. Va. Sept. 12, 2012); *Gen. Tech. Applications, Inc. v. Exro Ltada.*, 388 F.3d 114 (4th Cir. 2004); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998). The Amended Complaint asserts that Marfork is a West Virginia limited liability company and that Marfork and Maxxim are authorized to and do business in West Virginia. See Ex. A., Am. Compl. at ¶¶ 2-3. However, this is irrelevant and is not the test of citizenship for limited liability companies like Marfork and Maxxim. *See, Ferrell v. Express Check Advance of SC LLC*, 591 F. 3d 698, 702 (4th Cir . 2010) (noting that the Supreme Court has "made clear that artificial entities other than corporations are not citizens for

diversity purposes and that courts must look to the citizenship of their members when determining whether diversity jurisdiction exists"); *General Technology Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004) (holding that a limited liability company is assigned the citizenship of its members); *see also, Hunt v. Brooks Run Mining Company, LLC,* Memorandum Opinion, 2013 WL 4829322 *2 (S.D. W. Va. Sept. 10, 2013) ("the principal place of business test applicable to corporate citizenship does not apply to a limited liability company") (J. Faber).[1]

Contura and AMR are corporations. For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).[2]

## Citizenship of Marfork Coal Company, LLC

12. The sole member of Marfork is Elk Run Coal Company, LLC.

(a) Elk Run Coal Company, LLC's sole member is Appalachia Holding Company, LLC;

(b) Appalachia Holding Company, LLC's sole member is Alpha Appalachia Holdings, LLC;

(c) Alpha Appalachia Holdings, LLC's sole member is ANR, Inc.;

(d) ANR, Inc. is a Delaware corporation with its principal place of business in Bristol, Tennessee.

13. For purposes of diversity jurisdiction, Marfork is a citizen of Delaware and Tennessee, the citizenship of the first corporate member entity in its chain of ownership. For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every State by

---

[1] A copy of this unpublished opinion is attached as Exhibit B.

[2] The Affidavit of Roger L. Nicholson, Executive Vice President, Chief Administrative Officer, General Counsel and Secretary of Alpha Metallurgical Resources, Inc., explaining the corporate structure of Defendants is attached as Exhibit C.

which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

### Citizenship of Maxxim Shared Services, LLC

14. The sole member of Maxxim is Alpha Natural Resources Services, LLC.

(a) Alpha Natural Resources Services, LLC's sole member is Alpha Natural Resources, LLC;

(b) Alpha Natural Resources, LLC's sole member is ANR, Inc.;

(c) ANR, Inc. is a Delaware corporation with its principal place of business in Bristol, Tennessee.

15. For purposes of diversity jurisdiction, Maxxim is a citizen of Delaware and Tennessee, the citizenship of the first corporate member entity in its chain of ownership. For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

### Citizenship of Contura Energy, Inc.

16. Contura Energy, Inc. is now known as Alpha Metallurgical Resources, Inc. due to a name change filed on February 1, 2021. Prior to its name change, Contura Energy, Inc. was a Delaware corporation with its principal place of business in Bristol, Tennessee. As it is now known, it remains a Delaware corporation with its principal place of business in Bristol, Tennessee.

17. Accordingly, for purposes of diversity jurisdiction, Contura is a citizen of Delaware and Tennessee.

### Citizenship of Alpha Metallurgical Resources, Inc.

18. Alpha Metallurgical Resources, Inc. was formerly known as Contura Energy Inc. and is a Delaware corporation with its principal place of business in Bristol, Tennessee.

19. Accordingly, for purposes of diversity jurisdiction, AMR is a citizen of Delaware and Tennessee.

20. Because Plaintiff is a citizen of West Virginia and Defendants are citizens of Delaware and Tennessee, but not citizens of West Virginia, complete diversity of citizenship exists under 28 U.S.C. § 1332 and this action is removable to the federal district and division where it is pending pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b) because it involves a civil action between "citizens" of different states.

### The Amount-in-Controversy Requirement is Met

21. Plaintiff alleges that "the force of the collision knocked Mr. Nelson nearly ten (10) feet from the shuttle car onto the mine floor" and that "as a result, Mr. Nelson suffered severe and permanent physical injuries to his head, neck, right shoulder, right arm, back, left leg, right leg and right foot, as well as, permanent mental injuries." See Ex. A, Am. Compl. at ¶¶ 10-11. Plaintiff further alleges that he "suffered severe injuries, tremendous pain and suffering, permanent bodily injury, as well as loss of the ability to perform household services, loss of the ability to enjoy life, lost wages, loss of future earning capacity, humiliation, embarrassment, annoyance, aggravation, mental anguish and inconvenience, as well as other economic and non-economic damages which he will in all likelihood continue to suffer into the foreseeable future." See Ex. A, Am. Compl. at ¶¶ 21, 28, 36. Finally, Mr. Nelson seeks "such sums as will fairly and fully compensate Mr. Nelson for his injuries, losses and damages, together with pre and post judgment interest, reasonable attorney fees and costs in and about the prosecution of this action. Plaintiff, by counsel, additionally demands judgment against Defendants Maxxim Shared Services, LLC, Contura Energy, Inc., and Alpha Metallurgical Resources, Inc., which is punitive in nature and is sufficient to punish these Defendants for their willful, wanton, and reckless disregard for the health, safety and welfare of the Plaintiff and others like him and to deter like conduct in the future…." See Ex.

A, Am. Compl., Ad damnum clause. Plaintiff further claims that he has received an 11% permanent partial disability award and an additional 5% permanent partial disability award. Ex. A, Am. Complaint, note 2.

22. The Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because complete diversity of citizenship exists between the Plaintiff and Defendants.

23. While the Plaintiff does not include a demand for a specific amount in his Complaint, the Plaintiff alleges general compensatory damages, punitive damages, lost wages and attorney fees in an amount not limited by any statements in the Amended Complaint or otherwise. Based on these claims the district court may find by a preponderance of the evidence that the matters in controversy between Plaintiff and the Removing Defendant exceed the sum of $75,000, exclusive of interest and costs. *Virden vs. Altria Group, Inc.*, 304 F. Supp. 2d 832, 847 (N.D. W.Va. 2004) (stating preponderance standard applies).

24. For purposes of removal, when a Complaint, like the Amended Complaint here, lacks an explicit statement of the amount claimed, the amount in controversy is determined by considering the totality of the circumstances, including the Amended Complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal. Properly analyzed, a Court is not to use this information to estimate the amount a jury would award the plaintiff assuming he prevails, but rather to estimate what a reasonable plaintiff would demand or claim. If the Court thinks that a reasonable plaintiff would claim more than $75,000, then the defendant has met its burden of proof. *Scaralto v. Ferrell*, 826 F.Supp.2d 960, 968 (S.D. W. Va. 2011). When no specific amount of damages is demanded in plaintiff's complaint, the court undertakes a "'judicial valuation' approach" to determine whether the amount

in controversy requirement is met. *McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 489 (S.D. W. Va. 2001).

25. Here, based on the allegations in the Complaint and the type of damages recoverable it is clear that the amount in controversy in this case exceeds the sum of $75,000.00, exclusive of interest and costs. In a similar case alleging compensatory damages and punitive damages pursuant to the West Virginia Human Rights Act, such allegations were adequate to meet the "Amount-in-Controversy" requirement. *Pack v. S&S Firestone, Inc.,* No. 5:14-cv-17286, 2014 WL 12625463 *3 (S.D. W. Va. Aug. 27, 2014).[3]

26. Plaintiff has failed to stipulate that the amount in controversy is less than $75,000, exclusive of interest and costs. *Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D. W.Va. 2000) (observing that, "because under West Virginia law Plaintiffs' recovery is theoretically unlimited, only a binding stipulation that they would not seek nor accept more than $75,000 could limit the potential recovery"); *see also McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485-86 (S.D. W.Va. 2001) (requiring stipulation to be binding, formal, and filed in state court prior to removal to effectively limit amount in controversy to a sum below $75,000).

27. The state court action may be removed to this Court by the Defendant in accordance with the provisions of 28 U.S.C. § 144l(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of West Virginia, Beckley Division; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

---

[3] A copy of this unpublished opinion is attached as Exhibit D.

**Filing of Removal Papers**

28. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, the Defendants will file a copy of this Notice with the Clerk of the Circuit Court of Raleigh County, West Virginia, and serve a copy of this Notice upon Plaintiff's counsel.

**Consent**

29. Because undersigned counsel represents all defendants, all consent has been obtained and no further consents are required.

WHEREFORE, based on the allegations in the Complaint, this action is removed from the Circuit Court of Raleigh County, West Virginia, to the United States District Court for the Southern District of West Virginia, Beckley Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Please take notice that no further proceedings may be had in the Circuit Court of Raleigh County, West Virginia.

**MARFORK COAL COMPANY, LLC;**
**MAXXIM SHARED SERVICES, LLC;**
**CONTURA ENERGY, INC. k/n/a ALPHA**
**METALLURGICAL RESOURCES, INC.,**

**By Counsel,**

*/s/ Christopher D. Pence*
Christopher D. Pence (WVSB # 9095)
James P. McHugh (WVSB # 6008)
Hardy Pence PLLC
10 Hale Street, 4th Floor
Charleston, WV 25301
(304) 345-7250

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**CHARLES NELSON,**

    **Plaintiff,**

v.                                      **CIVIL ACTION NO.** 5:22-cv-00200
                                        **JUDGE**

**MARFORK COAL COMPANY, LLC;**
**MAXXIM SHARED SERVICES, LLC;**
**CONTURA ENERGY, INC. k/n/a**
**ALPHA METALLURGICAL RESOURCES, INC.,**

    **Defendants**.

## CERTIFICATE OF SERVICE

    I, Christopher D. Pence, hereby certify that a true and correct copy of foregoing *Notice of Removal* was served upon the following parties via electronic mail and regular U.S. mail, postage prepaid, on this 25th day of April 2022:

        Robert B. Warner, Esq.
        Andrew D. Byrd, Esq.
        WARNER LAW OFFICES, PLLC
        227 Capitol Street
        Post Office Box 3327
        Charleston, West Virginia 25333
        bwarner@wvpersonalinjury.com
        abyrd@wvpersonalinjury.com

        */s/ Christopher D. Pence*
        Christopher D. Pence (WVSB # 9095)