IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**CHARLES NELSON,**

    **Plaintiff,**

v.                                                   **CIVIL ACTION NO. 5:22-cv-00200**
                                                      **JUDGE FRANK W. VOLK**

**MARFORK COAL COMPANY, LLC;**
**MAXXIM SHARED SERVICES, LLC;**
**CONTURA ENERGY, INC. k/n/a**
**ALPHA METALLURGICAL RESOURCES, INC.,**

    **Defendants**.

**DEFENDANTS MARFORK COAL COMPANY, LLC, MAXXIM SHARED SERVICES, LLC, CONTURA ENERGY, INC. AND ALPHA METALLURGICAL RESOURCES, INC.'s ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Now come Defendants Marfork Coal Company, LLC ("Marfork"), Maxxim Shared Services, LLC ("Maxxim"), Contura Energy, Inc. ("Contura") and Alpha Metallurgical Resources, Inc. ("AMR"), by counsel, and state the following for their answer and affirmative defenses to the Plaintiff's Amended Complaint ("Amended Complaint"):

**FIRST AFFIRMATIVE DEFENSE**

The Plaintiff's Amended Complaint fails to state a claim against Marfork, Maxxim, Contura and AMR upon which relief may be granted and must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over the Complaint against Marfork, Maxxim, Contura and AMR for three reasons: 1) Plaintiff did not suffer a "serious compensable injury," as

that term is defined and established, by one of the four methods listed W. Va. Code Section § 23-4-2(d)(2)(B)(v); 2) Plaintiffs verified statement offered pursuant to W. Va. Code Section § 23-4-2(d)(2)(C)(i) was insufficient as a matter of law; and, 3) Plaintiff's Amended Complaint does not allege that Defendants Maxxim, Contura and AMR, which are an affiliate and/or parent companies of Marfork, acted with deliberate intention pursuant to W. Va. Code Section § 23-4-2(d)(2)(A) or (B), which allegations are necessary to overcome the statutory immunity of these Defendants pursuant to §§ 23-2-6 and 23-2-6a.

## ANSWER TO SPECIFIC ALLEGATIONS

In response to the specific allegations set forth in the Plaintiffs' Amended Complaint, Marfork, Maxxim, Contura and AMR responds as follows:

1. Marfork, Maxxim, Contura and AMR are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Amended Complaint and therefore deny the same.

2. With regard to the allegations set forth in paragraph 2 of the Amended Complaint, Marfork, Maxxim, Contura and AMR admit that Marfork is a West Virginia limited liability company with its principal place of business in Whitesville, West Virginia and is authorized to do and does business in Raleigh County, West Virginia. Marfork, Maxxim, Contura and AMR further state that Marfork is not a West Virginia resident for purposes of diversity jurisdiction. Marfork, Maxxim, Contura and AMR deny each and every allegation set forth in paragraph 2 of the Amended Complaint not specifically admitted herein.

3. With regard to the allegations set forth in paragraph 3 of the Amended Complaint, Marfork, Maxxim, Contura and AMR admit that Maxxim is a Delaware limited liability company with a principal place of business in Bristol, Tennessee and that it is authorized to do

and does business in Raleigh County, West Virginia. Marfork, Maxxim, Contura and AMR further state that Maxxim is not a West Virginia resident for purposes of diversity jurisdiction. Marfork, Maxxim, Contura and AMR deny each and every allegation set forth in paragraph 3 of the Amended Complaint not specifically admitted herein.

4. With regard to the allegations set forth in paragraph 4 of the Amended Complaint, Marfork, Maxxim, Contura and AMR admit that Contura Energy, Inc. is now known as Alpha Metallurgical Resources, Inc. due to a name change filed on February 1, 2021. Prior to its name change, Contura Energy, Inc. was a Delaware corporation with its principal place of business in Bristol, Tennessee and was authorized to do business in Raleigh County, West Virginia. Defendants Marfork, Maxxim, Contura and AMR further admit that as Contura Energy, Inc. is now known, it remains a Delaware corporation with its principal place of business in Bristol, Tennessee and that it is authorized to do and does business in Raleigh County, West Virginia. Marfork, Maxxim, Contura and AMR further state that Contura is not a West Virginia resident for purposes of diversity jurisdiction. Marfork, Maxxim, Contura and AMR deny each and every allegation set forth in paragraph 4 of the Amended Complaint not specifically admitted herein.

5. With regard to the allegations set forth in paragraph 5 of the Amended Complaint, Marfork, Maxxim, Contura and AMR admit that Alpha Metallurgical Resources, Inc. was formerly known as Contura Energy Inc. and is a Delaware corporation with its principal place of business in Bristol, Tennessee and is authorized to and does business in Raleigh County, West Virginia. Marfork, Maxxim, Contura and AMR further state that Alpha Metallurgical Resources, Inc. is not a West Virginia resident for purposes of diversity jurisdiction. Marfork, Maxxim,

Contura and AMR deny each and every allegation set forth in paragraph 5 of the Amended Complaint not specifically admitted herein.

6.   With respect to the allegations set forth in paragraph 6 of the Amended Complaint, Marfork, Maxxim, Contura and AMR states that Mr. Nelson was involved in an accident on or about December 12, 2019 at the Panther Eagle underground coal mine in Raleigh County West Virginia.  Marfork, Maxxim, Contura and AMR deny each and every allegation set forth in paragraph 6 of the Amended Complaint not specifically admitted herein.

7.   Marfork, Maxxim, Contura and AMR admit that West Virginia Code §23-4-2(e) requires a deliberate intention shall be brought either in the circuit court of the county in which the alleged injury occurred or in the circuit court of the county of the employer's principal place of business. Defendants Marfork, Maxxim, Contura and AMR deny the remaining allegations set forth in paragraph 7 of the Amended Complaint.

## GENERAL ALLEGATIONS

8.   With respect to the allegations set forth in paragraph 8 of the Amended Complaint, Marfork, Maxxim, Contura and AMR admit that Mr. Nelson was employed by Marfork as a shuttle car operator at the Panther Eagle Mine in Raleigh County, West Virginia at the time of the accident on December 12, 2019.  Marfork, Maxxim, Contura and AMR deny the remaining allegations set forth in paragraph 8 of the Amended Complaint to the extent they set forth or are intended to set forth a claim or the basis for any claim against them.

9.   With respect to the allegations set forth in paragraph 9 of the Amended Complaint, Marfork, Maxxim, Contura and AMR admit that Mr. Nelson was operating a shuttle car in the #6 entry of the Panther Eagle Mine on December 12, 2019. Marfork, Maxxim, Contura and AMR deny the remaining allegations set forth in paragraph 9 of the Amended Complaint.

10. Marfork, Maxxim, Contura and AMR deny the allegations set forth in paragraph 10 of the Amended Complaint.

11. Marfork, Maxxim, Contura and AMR admit that Mr. Nelson received medical care on December 12, 2019 and was authorized to return to work the same day, but deny the remaining allegations set forth in paragraph 11 of the Amended Complaint.

## COUNT I — DELIBERATE INTENT
## (MARFORK COAL COMPANY, LLC)

12. Marfork, Maxxim, Contura and AMR repeat and incorporate by reference their responses to paragraphs 1 through 11 of the Amended Complaint in response to the allegations in paragraph 12 of the Amended Complaint.

13. With respect to the allegations in Paragraph 13 of the Amended Complaint, Marfork, Maxxim, Contura and AMR admit that Mr. Nelson was an employee of Marfork at the time of the accident on December 12, 2019.

14. Marfork, Maxxim, Contura and AMR deny each and every allegation set forth in paragraph 14 of the Amended Complaint.

15. Paragraph 15 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Marfork denies each and every allegation set forth in paragraph 15 of the Amended Complaint. Paragraph 15 of the Amended Complaint does not contain any allegations against Maxxim, Contura and AMR to which a response is required. To the extent the allegations set forth in paragraph 15 of the Amended Complaint, set forth or are intended to set forth a claim or the basis for any claim against Maxxim, Contura and AMR, those allegations are denied by Maxxim, Contura and AMR.

16. Marfork, Maxxim, Contura and AMR deny each and every allegation set forth in paragraph 16 of the Amended Complaint.

17. Marfork denies each and every allegation set forth in paragraph 17 of the Amended Complaint. Paragraph 17 of the Amended Complaint does not contain any allegations against Maxxim, Contura and AMR to which a response is required. To the extent the allegations set forth in paragraph 17 of the Amended Complaint, set forth or are intended to set forth a claim or the basis for any claim against Maxxim, Contura and AMR, those allegations are denied by Maxxim, Contura and AMR.

18. Marfork denies each and every allegation set forth in paragraph 18 of the Amended Complaint. Paragraph 18 of the Amended Complaint does not contain any allegations against Maxxim, Contura and AMR to which a response is required. To the extent the allegations set forth in paragraph 18 of the Amended Complaint, set forth or are intended to set forth a claim or the basis for any claim against Maxxim, Contura and AMR, those allegations are denied by Maxxim, Contura and AMR.

19. Marfork, Maxxim, Contura and AMR deny each and every allegation set forth in paragraph 19 and footnote 1, including the allegations in the verified statement referred to in footnote 1 and attached as Exhibit 1 to the Amended Complaint.

20. Marfork denies each and every allegation set forth in paragraph 20 of the Amended Complaint. Paragraph 20 of the Amended Complaint does not contain any allegations against Maxxim, Contura and AMR to which a response is required. To the extent the allegations set forth in paragraph 20 of the Amended Complaint, set forth or are intended to set forth a claim or the basis for any claim against Maxxim, Contura and AMR, those allegations are denied by Maxxim, Contura and AMR.

21. Marfork denies each and every allegation set forth in paragraph 21 and footnote 2 of the Amended Complaint. To the extent the allegations set forth in paragraph 21 and footnote 2

of the Amended Complaint, set forth or are intended to set forth a claim or the basis for any claim against Maxxim, Contura and AMR, those allegations are denied by Maxxim, Contura and AMR.

**COUNT II — NEGLIGENCE**
**(MAXXIM SHARED SERVICES, LLC)**

22. Marfork, Maxxim, Contura and AMR repeat and incorporate by reference their responses to paragraphs 1 through 21 of the Amended Complaint in response to the allegations in paragraph 22 of the Amended Complaint.

23. Marfork, Maxxim, Contura and AMR admit that as of December 12, 2019, Maxxim provided services to the Panther Eagle Mine. Marfork, Maxxim, Contura and AMR deny the remaining allegations set forth in paragraph 23 of the Amended Complaint.

24. Paragraph 24 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Maxxim denies each and every allegation set forth in paragraph 24 of the Amended Complaint. Paragraph 24 of the Amended Complaint does not contain any allegations against Marfork, Contura and AMR to which a response is required. To the extent the allegations set forth in paragraph 24 of the Amended Complaint, set forth or are intended to set forth a claim or the basis for any claim against Marfork, Contura and AMR, those allegations are denied by Marfork, Contura and AMR.

25. Paragraph 25 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Marfork, Maxxim, Contura and AMR deny each and every allegation set forth in paragraph 25 of the Amended Complaint

26. Paragraph 26 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Maxxim denies each and every allegation set forth in paragraph 26 of the Amended Complaint. Paragraph 26 of the Amended

Complaint does not contain any allegations against Marfork, Contura and AMR to which a response is required. To the extent the allegations set forth in paragraph 26 of the Amended Complaint, set forth or are intended to set forth a claim or the basis for any claim against Marfork, Contura and AMR, those allegations are denied by Marfork, Contura and AMR.

27. Paragraph 27 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Maxxim denies each and every allegation set forth in paragraph 27 of the Amended Complaint. Paragraph 27 of the Amended Complaint does not contain any allegations against Marfork, Contura and AMR to which a response is required. To the extent the allegations set forth in paragraph 27 of the Amended Complaint, set forth or are intended to set forth a claim or the basis for any claim against Marfork, Contura and AMR, those allegations are denied by Marfork, Contura and AMR.

28. Maxxim denies each and every allegation set forth in paragraph 28 of the Amended Complaint. Paragraph 28 of the Amended Complaint does not contain any allegations against Marfork, Contura and AMR to which a response is required.  To the extent the allegations set forth in paragraph 28 of the Amended Complaint, set forth or are intended to set forth a claim or the basis for any claim against Marfork, Contura and AMR, those allegations are denied by Marfork, Contura and AMR.

29. Maxxim denies each and every allegation set forth in paragraph 29 of the Amended Complaint. Paragraph 29 of the Amended Complaint does not contain any allegations against Marfork, Contura and AMR to which a response is required. To the extent the allegations set forth in paragraph 29 of the Amended Complaint, set forth or are intended to set forth a claim or the basis for any claim against Marfork, Contura and AMR, those allegations are denied by Marfork, Contura and AMR.

## COUNT III— NEGLIGENCE
## (CONTURA ENERGY, INC. and/or ALPHA METALLURGICAL RESOURCES, INC.)

30. Marfork, Maxxim, Contura and AMR repeat and incorporate by reference their responses to paragraphs 1 through 29 of the Amended Complaint in response to the allegations in paragraph 30 of the Amended Complaint.

31. In response to the allegations set forth in paragraph 31 of the Amended Complaint, Marfork, Maxxim, Contura and AMR admit that as of December 12, 2019, Marfork was a subsidiary of Contura Energy, Inc. (now AMR). Marfork remains a subsidiary of AMR. Marfork, Maxxim, Contura and AMR further admit that, for purposes of complying with applicable MSHA regulations, as of December 12, 2019, Contura Energy, Inc. (now AMR) was identified as controller of Marfork's Panther Eagle Mine. To the extent the allegations set forth in paragraph 31 of the Amended Complaint, set forth or are intended to set forth a claim or the basis for any claim against the Defendants, those allegations are denied by Defendants Marfork, Maxxim, Contura and AMR.

32. Paragraph 32 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Contura and AMR deny each and every allegation set forth in paragraph 32 of the Amended Complaint. Paragraph 32 of the Amended Complaint does not contain any allegations against Marfork and Maxxim to which a response is required. To the extent the allegations set forth in paragraph 32 of the Amended Complaint, set forth or are intended to set forth a claim or the basis for any claim against Marfork and Maxxim, those allegations are denied by Marfork and Maxxim.

33. Paragraph 33 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Contura and AMR deny each and

every allegation set forth in paragraph 33 of the Amended Complaint. Paragraph 33 of the Amended Complaint does not contain any allegations against Marfork and Maxxim to which a response is required. To the extent the allegations set forth in paragraph 33 of the Amended Complaint, set forth or are intended to set forth a claim or the basis for any claim against Marfork and Maxxim, those allegations are denied by Marfork and Maxxim.

34. Paragraph 34 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Contura and AMR deny each and every allegation set forth in paragraph 34 of the Amended Complaint. Paragraph 34 of the Amended Complaint does not contain any allegations against Marfork and Maxxim to which a response is required. To the extent the allegations set forth in paragraph 34 of the Amended Complaint, set forth or are intended to set forth a claim or the basis for any claim against Marfork and Maxxim, those allegations are denied by Marfork and Maxxim.

35. Paragraph 35 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Contura and AMR deny each and every allegation set forth in paragraph 35 of the Amended Complaint. Paragraph 35 of the Amended Complaint does not contain any allegations against Marfork and Maxxim to which a response is required. To the extent the allegations set forth in paragraph 35 of the Amended Complaint, set forth or are intended to set forth a claim or the basis for any claim against Marfork and Maxxim, those allegations are denied by Marfork and Maxxim.

36. Contura and AMR deny each and every allegation set forth in paragraph 36 of the Amended Complaint. Paragraph 36 of the Amended Complaint does not contain any allegations against Marfork and Maxxim to which a response is required. To the extent the allegations set forth in paragraph 36 of the Amended Complaint, set forth or are intended to set forth a claim or

the basis for any claim against Marfork and Maxxim, those allegations are denied by Marfork and Maxxim.

37. Contura and AMR deny each and every allegation set forth in paragraph 37 of the Amended Complaint. Paragraph 37 of the Amended Complaint does not contain any allegations against Marfork and Maxxim to which a response is required. To the extent the allegations set forth in paragraph 37 of the Amended Complaint, set forth or are intended to set forth a claim or the basis for any claim against Marfork and Maxxim, those allegations are denied by Marfork and Maxxim.

38. In response to the Wherefore clause of Plaintiff's Amended Complaint, Marfork, Maxxim, Contura and AMR deny the Plaintiffs are entitled to the relief requested or any other relief from Marfork, Maxxim, Contura and AMR.

39. Marfork, Maxxim, Contura and AMR deny each and every allegation of the Amended Complaint not specifically admitted herein.

MARFORK, MAXXIM, CONTURA AND AMR DEMAND A TRIAL BY JURY WITH RESPECT TO ALL ISSUES SO TRIABLE.

## **AFFIRMATIVE DEFENSES**

Having fully answered the allegations of the Amended Complaint, Marfork, Maxxim, Contura and AMR now assert the following affirmative defenses in addition to those identified above and in further response thereto:

3. Marfork, Maxxim, Contura and AMR denies that Plaintiff is entitled to recover against them in this action.

4. Marfork, Maxxim, Contura and AMR assert all common law, statutory or other immunities applicable to it.

5. Marfork, Maxxim, Contura and AMR incorporate by reference each and every affirmative defense available to it under Rule 12(b) of the West Virginia Rules of Civil Procedure which discovery might reveal to be appropriate and reserve the right to assert additional affirmative defenses as Plaintiff's claims are clarified during the course of this litigation.

6. If facts developed through discovery warrant, Marfork, Maxxim, Contura and AMR assert, so as not to waive, any and all affirmative defenses provided for in Rules 8 and 9 of the Federal Rules of Civil Procedure, including accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, statute of repose, waiver, doctrine of laches and any other matter constituting an avoidance or affirmative defense.

7. Marfork, Maxxim, Contura and AMR assert the affirmative defense of improper venue.

8. Plaintiff's Amended Complaint should be dismissed for insufficiency of process, insufficiency of service of process, and failure to join an indispensable party.

9. The injuries and damages of which Plaintiff complains were not proximately caused by any act or omission by Marfork, Maxxim, Contura and AMR.

10. The injuries and damages of which Plaintiff complains were caused solely by the negligence and/or conduct of persons, firms and/or corporations other than Marfork, Maxxim, Contura and AMR.

11. The injuries and damages of which Plaintiff complains were proximately caused by independent, intervening, or superseding causes, including acts or omissions of Plaintiff, over

which Marfork, Maxxim, Contura and AMR had no control or right of control, and which events were unrelated to any conduct of Marfork, Maxxim, Contura and AMR.

12. Marfork, Maxxim, Contura and AMR assert that a specific unsafe working condition did not exist.

13. Marfork, Maxxim, Contura and AMR lacked knowledge of any prior accidents, near misses, safety complaints or citations involving conditions similar to those alleged in the Amended Complaint.

14. Marfork, Maxxim, Contura and AMR complied with all known state or federal statutes, rules or regulations and commonly accepted and well-known written safety standards applicable to Mr. Nelson's working conditions, including those requiring any inspection, audit or assessment intended to identify any specific unsafe working conditions.

15. Marfork, Maxxim, Contura and AMR are entitled to an offset against any judgment entered against it in this action equal to the amount of benefits received or receivable by Plaintiff as a result of a workers' compensation claim made as a result of the accident at issue in this litigation.

16. Marfork, Maxxim, Contura and AMR are entitled to an offset against any judgment entered against them in this action equal to the amount of any settlement which the Plaintiff may reach with any other entity in relation to the claims in the Amended Complaint.

17. The claims set forth in the Amended Complaint are barred under doctrines of comparative and/or contributory negligence and assumption of risk.

18. Marfork, Maxxim, Contura and AMR assert that Plaintiff's injuries and damages, if any, were the result of actions or omissions by fellow servants and/or others over whom Marfork had no control and no responsibility.

19. Although Marfork, Maxxim, Contura and AMR deny any actionable fault or liability to Plaintiff, in the event that Marfork, Maxxim, Contura and AMR are held liable, Marfork, Maxxim, Contura and AMR are entitled to pro tanto credit to the extent of the payments received by the Plaintiffs from any source.

20. To the extent required to preserve the same, Marfork, Maxxim, Contura and AMR assert that Mr. Nelson's own conduct, including Plaintiff's creation of unsafe working conditions which caused his alleged injuries by failing to follow and adhere to known rules, training, safety policies, procedures, and/or directives bars his recovery against Marfork, Maxxim, Contura and AMR.

21. To the extent necessary to preserve the same, Marfork, Maxxim, Contura and AMR asserts that Plaintiff's injuries were the result of prior injuries, pre-existing conditions or idiosyncratic conditions unrelated to Marfork, Maxxim, Contura and AMR and peculiar to Mr. Nelson.

22. Marfork, Maxxim, Contura and AMR deny that they breached any affirmative duty or standard of care with respect to the Plaintiff.

23. Marfork, Maxxim, Contura and AMR reserve the right to raise any additional affirmative defenses which may arise during the discovery of this matter, including the comparative fault of the Plaintiff, or fault of others or unknown third-parties.

24. Marfork, Maxxim, Contura and AMR deny any knowledge or acceptance of any alleged improper, reckless, and otherwise unlawful conduct or action of any other entities.

25. Marfork, Maxxim, Contura and AMR assert the defense of lack of proximate cause and assert there was no working condition that violated any rule, statute, regulation, or

commonly accepted and well-known safety standard within Defendants Marfork, Maxxim, Contura and AMR's business or industry.

26. Plaintiff had a duty to mitigate his damages and failed to do so.

27. Marfork, Maxxim, Contura and AMR have and hereby assert a right to have any and all fault that proximately caused or contributed to the accident and damages of which the Plaintiffs complain, if any, apportioned among those responsible therefor and, if Marfork, Maxxim, Contura and AMR are held liable in any degree to the Plaintiff's or any other party in this matter, Marfork, Maxxim, Contura and AMR have and hereby assert a right to contribution and/or indemnity of and from all against whom any such apportionment is made.

28. Plaintiff's claims are barred by the Workers' Compensation immunities and exclusive remedies established by Chapter 23 of the West Virginia Code.

29. Mr. Nelson's injuries did not result from the deliberate intention of Marfork and Plaintiff may not recover from Marfork under West Virginia Code § 23-4-2 and Marfork did not violate the provisions of Chapter 23 of the West Virginia Code.

30. Pursuant to W. Va. Code § 23-4-2 and otherwise, punitive or exemplary damages may not be awarded to Plaintiffs.

31. To the extent the evidence in this case demonstrates that there was a specific unsafe working condition, then the deliberate intention claim must be foreclosed because Defendant Marfork did not have actual knowledge of such condition or of any risk or probability of injury associated with such condition.

32. To the extent the evidence demonstrates the existence of a specific unsafe working condition, then Defendant Marfork was unaware of any specific unsafe working condition and never intentionally exposed Plaintiff Mr. Nelson to said condition.

33. Defendants Maxxim, Contura and AMR did not have actual knowledge of any unsafe working conditions and never intentionally exposed Plaintiff to any such condition.

34. Marfork affirmatively raise the defenses allowed in *Master Mechanical Insulation, Inc. v. Simmons*, 232 W. Va. 581, 753 S.E. 2d 79 (2013).

35. Marfork, Maxxim, Contura and AMR reserve the right to assert any additional affirmative defense that may be applicable based upon the evidence as it develops during discovery in this case.

36. Marfork, Maxxim, Contura and AMR assert that they cannot be held vicariously liable for any intentional or unlawful conduct engaged in by any other Defendants.

37. Marfork, Maxxim, Contura and AMR reserve the right to file such cross-claims, counterclaims, and third-party complaints and other pleadings as may be revealed to be appropriate through discovery, as well as reserving the right to seek comparative contribution and/or indemnity against anyone, as Defendants Marfork, Maxxim, Contura and AMR may prove appropriate.

38. The condition which Plaintiffs allege caused the accident, if it indeed was present as alleged, was either open, obvious, or was known to Plaintiff. Furthermore, it was warned of. As such, Defendants Marfork, Maxxim, Contura and AMR are not liable to Plaintiff in any amount or to any extent.

39. Defendants Marfork, Maxxim, Contura and AMR deny Plaintiffs are entitled to attorneys' fees and costs, pre-judgment interest, or post-judgment interest.

40. The punitive damages Plaintiff seeks would violate the rights of Maxxim, Contura and AMR under the United States and West Virginia Constitutions, as more particularly explained hereafter:

A. An award of punitive damages would violate Defendants' rights to due process and equal protection as guaranteed by the 5th, 8th and 14th Amendments to the United States Constitution and Article 3, Sections 5 and 10 of the West Virginia Constitution, in that:

(i) West Virginia law provides no adequate or meaningful standard or guide for fixing, determining or reviewing the amount of a punitive damage award. Defendant had no notice of or means of ascertaining the amount of the penalty they would or might be subject to for the conduct upon which the aware ostensibly is to be based.

(ii) Under West Virginia law, the determination whether to award punitive damages is left to the arbitrary discretion of the trier of fact; there is no adequate or meaningful standard or guide for exercising said discretion.

(iii) No provision of West Virginia law provides any adequate or meaningful standard or guide for determining the nature of the conduct upon which an award of punitive damages may be based. Defendant had no notice of or means of ascertaining the nature of the conduct for which they might be held subject to a punitive damage award.

(iv) No provision of West Virginia law provides adequate procedural safeguards, consistent with the criteria of *Pacific Mutual Life Ins. Co. v. Haslip, et al.*, (U.S.), 111 S. Ct. 1032 (1991); *Fleming Landfill, Inc.*, and *John T. Fleming v. Julian Garnes and Sharon Garnes,* 413 S.E.2d 897 (1991); *TXO Production v. Alliance Resources,* 419 S.E.2d 870 (W.Va. 1992), for the imposition of a punitive damages award.

(v) The very concept of punitive damages, whereby an award is made to a private plaintiff not by way of compensation, but by way of a windfall, incident to punishing a defendant, represents the taking of property without due process of law.

B. A punitive damage award, and particularly one of the magnitude sought by the Plaintiff herein, would deprive Defendants of their property without due process of law in violation of the Fifth Amendment to the United States Constitution and Article 3, Section 5 of the Constitution of the State of West Virginia. Further, such an award would violate the prohibition against excessive finds contained in the Eighth Amendment to the United States Constitution, as embodied in the due process clause of the 14th Amendment to the United States Constitution, and in Article 3, Section 5 and 10 of the Constitution of the State of West Virginia.

WHEREFORE, Defendants Marfork, Maxxim, Contura and AMR demand that the Amended Complaint be dismissed, with prejudice, and that they be awarded their costs and fees expended to date and such other and further relief the Court deems appropriate.

MARFORK, MAXXIM, CONTURA and AMR DEMAND A TRIAL BY JURY WITH RESPECT TO ALL ISSUES SO TRIABLE.

    MARFORK COAL COMPANY, LLC; MAXXIM SHARED SERVICES, LLC; CONTURA ENERGY, INC. k/n/a ALPHA METALLURGICAL RESOURCES, INC.,

    By Counsel:

    */s/ Christopher D. Pence*
    Christopher D. Pence (WVSB # 9095)
    James P. McHugh (WVSB # 6008)
    Hardy Pence PLLC
    10 Hale Street, 4th Floor (25301)

P. O. Box 2548
Charleston, WV  25329
Phone:  (304) 345-7250
Fax:  (304) 553-7227

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**CHARLES NELSON,**

    **Plaintiff,**

v.                                     **CIVIL ACTION NO. 5:22-cv-00200**
                                                   **JUDGE FRANK W. VOLK**

**MARFORK COAL COMPANY, LLC;**
**MAXXIM SHARED SERVICES, LLC;**
**CONTURA ENERGY, INC. k/n/a**
**ALPHA METALLURGICAL RESOURCES, INC.,**

    **Defendants**.

## CERTIFICATE OF SERVICE

I, Christopher D. Pence, hereby certify that on the 2nd day of May 2022, the foregoing ***Defendants Marfork Coal Company, LLC, Maxxim Shared Services, LLC, Contura Energy, Inc. and Alpha Metallurgical Resources, Inc. Answer and Affirmative Defenses to Plaintiff's Amended Complaint*** was electronically filed with the Clerk of the Court through the CM/ECF System which will send electronic notification of such filing to counsel listed below:

                Robert B. Warner, Esq.
                Andrew D. Byrd, Esq.
                WARNER LAW OFFICES, PLLC
                227 Capitol Street
                Post Office Box 3327
                Charleston, West Virginia 25333

                */s/ Christopher D. Pence*
                Christopher D. Pence (WVSB # 9095)